

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-14-00618-CR

Thomas **LITTLE**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 25th Judicial District Court, Guadalupe County, Texas
Trial Court No. 14-0698-CR-C
The Honorable William Old, Judge Presiding

Opinion by:    Jason Pulliam, Justice

Sitting:        Sandee Bryan Marion, Chief Justice
               Karen Angelini, Justice
               Jason Pulliam, Justice

Delivered and Filed:  October 7, 2015

AFFIRMED

Appellant Thomas Little was convicted by a jury of burglary of a habitation with intent to commit kidnapping and burglary of a habitation with intent to commit theft. On appeal, Little contends: (1) the trial court erred by denying his request for the inclusion of a jury-charge instruction pertaining to the voluntariness of his statement, pursuant to Code of Criminal Procedure article 38.22, § 6; and (2) he was egregiously harmed by the trial court's failure to include a jury-charge instruction pertaining to the law on voluntariness of his statement, pursuant to Code of Criminal Procedure article 38.22, § 7. We affirm the trial court's judgment.

## BACKGROUND

In December 2011, M.G.[1] was appointed the sole managing conservator of her six-year old grandson, S.W. On June 21, 2012, three men broke into M.G.'s house, restrained M.G. and S.W., and began taking her valuables. During the invasion, a woman and another man whose identities were disguised, entered the house. The woman took S.W. and left the house. During the ensuing investigation, M.G. expressed her suspicion that S.W.'s mother, M.W., was the woman who took S.W.

After a tip led to the discovery of M.W. and S.W., FBI Special Agent Michael Carlisle arrested and interrogated M.W.[2] M.W. implicated Little as an accomplice. FBI Agent Carlisle subsequently arrested Little and transported him to the local police station. Before questioning Little, FBI Agent Carlisle read the *Miranda*[3] warnings to him, and Little acknowledged and waived the warnings. FBI Agent Carlisle did not, however, advise Little of Little's right to terminate the interview at any time.[4] Also present during the interview were FBI Special Agent Marty Martinez, Sergeant Keith Osborn of the Selma Police Department, and Little's attorney.

During the interview, Little maintained he did not have any knowledge of the home invasion, insisting the other men planned to break into M.G.'s home and kidnap S.W. without his involvement. Near the end of the interview, however, Little admitted to changing "the plan" and confessed to sending M.W. to M.G.'s house to prevent S.W. from being traumatized. Little also admitted giving M.W. the black cloth to conceal her identity.

---

[1] To protect the identity of minor children, we refer to the children and the children's parents by their initials. TEX. R. APP. P. 9.8(b)(2).

[2] The FBI joined the investigation because of S.W.'s abduction.

[3] *Miranda v. Arizona*, 384 U.S. 436 (1966).

[4] Although this warning is required by article 38.22, § 2(a)(5) of the Texas Code of Criminal Procedure, it is not required under the holding in *Miranda*. *See Herrera v. State*, 241 S.W.3d 520, 526 (Tex. Crim. App. 2007).

At trial, the State moved to admit into evidence the video recording of Little's interview. Little objected to its admissibility, arguing the statement was not admissible under article 38.22 because the recording did not contain the warning of his right to terminate the interview at any time. The State responded the statement was admissible under article 38.22, § 8 which provides that statements obtained by federal law enforcement officers in compliance with federal law are admissible. The trial court overruled Little's objection and admitted the recording into evidence. The jury convicted Little, and Little appeals.

## STANDARD OF REVIEW

Appellate review of alleged jury charge error involves a two-step analysis. *Ngo v. State*, 175 S.W.3d 738, 743-44 (Tex. Crim. App. 2005). First, the appellate court must determine whether the jury charge contains the alleged error. *Wooten v. State*, 400 S.W.3d 601, 606 (Tex. Crim. App. 2013); *Ngo*, 175 S.W.3d at 743-44. If there is error in the charge, the appellate court must then determine whether sufficient harm resulted so as to require a reversal of conviction. *Wooten*, 400 S.W.3d at 606. The degree of harm necessary for conviction reversal depends upon whether the error was properly preserved by objection. *Ngo*, 175 S.W.3d at 743. Error properly preserved by objection will require reversal provided the defendant suffered "some harm." *Reeves v. State*, 420 S.W.3d 812, 816 (Tex. Crim. App. 2013); *Ngo*, 175 S.W.3d at 743. On the other hand, error not properly preserved by objection must be "fundamental," and reversal is required only if the defendant suffered egregious harm. *Reeves*, 420 S.W.3d at 816; *Ngo*, 175 S.W.3d at 743-44. In either situation, the actual degree of harm is evaluated by taking into account "(1) the jury charge as a whole, (2) the arguments of counsel, (3) the entirety of the evidence, and (4) other relevant factors present in the record." *Reeves*, 420 S.W.3d at 816.

**ANALYSIS**

**Article 38.22, § 6 Instruction**

In his first issue, Little contends the trial court erred by denying his request for the inclusion of a jury charge instruction pursuant to article 38.22, § 6 (voluntariness instruction). Little contends shortly after he admitted to changing "the plan" during the interview, he "advised that he needed to have his legs elevated due to sores on both legs, which raised an issue concerning the voluntariness of [his] statement, or whether this admission was made because he was in pain from leg sores."

The trial judge has an absolute *sua sponte* duty to prepare a jury charge that accurately explains the law applicable to the case. *Oursbourn v. State*, 259 S.W.3d 159, 179 (Tex. Crim. App. 2008); *see* TEX. CODE CRIM. PROC. ANN. art. 36.14 (West 2007). When "a 'question' is raised and litigated as to the 'general' voluntariness of a statement of an accused," the trial court is required to explain article 38.22, § 6 as "law applicable to the case." *Oursbourn*, 259 S.W.3d at 180; *see* TEX. CODE CRIM. PROC. ANN. art. 38.22, § 6 (West Supp. 2014). Such a "question" is raised when a party notifies the trial court of an issue concerning the voluntariness of a defendant's statement or the trial court raises such an issue on its own. *Oursbourn*, 259 S.W.3d at 175. As the Texas Court of Criminal Appeals explained:

> This is the sequence of events that seems to be contemplated by Section 6: (1) a party notifies the trial judge that there is an issue about the voluntariness of the confession (or the trial judge raises the issue on his own); (2) the trial judge holds a hearing outside the presence of the jury; (3) the trial judge decides whether the confession was voluntary; (4) if the trial judge decides that the confession was voluntary, it will be admitted, and a party may offer evidence before the jury suggesting that the confession was not in fact voluntary; (5) if such evidence is offered before the jury, the trial judge shall give the jury a voluntariness instruction.

*Id.* "It is only after the trial judge is notified of the voluntariness issue (or raises it on his own) that [the] chain of other requirements comes into play, culminating in the defendant's right to a jury instruction." *Id.*

Here, the question of whether the pain from the sores on Little's legs rendered his confession involuntary was never raised because Little never notified the trial court of the issue. *See id.* Because the question was never raised, the sequence of events contemplated by section 6, culminating in the right to a jury instruction, was never triggered. Therefore, Little was not entitled to an article 38.22, § 6 jury instruction, and the trial court did not err in denying Little's request for the inclusion of such an instruction in the jury charge.

We overrule Little's first issue on appeal.

**Article 38.22, § 7 Instruction**

In his second issue, Little contends the trial court erred by failing to include an article 38.22, § 7 voluntariness instruction in the jury charge because he was entitled to have the jury determine whether his statement was voluntary based on FBI Agent Carlisle's failure to warn him of his right to terminate the interview in accordance with article 38.22, § 2(a)(5). Acknowledging that he did not object to the jury charge on this basis, Little concedes, if the trial court erred, reversal is only required if he suffered egregious harm. We first consider whether the charge contained error.

When a defendant makes a statement during custodial interrogation, the defendant is "entitled—when the issue is raised by the evidence—to have the jury decide whether he was adequately warned of his rights and knowingly and intelligently waived these rights." *Oursbourn*, 259 S.W.3d at 176. In the context of this case, the phrase "the issue" refers to FBI Agent Carlisle's compliance with the statutory warning set out in article 38.22, § 2(a)(5), which would have informed Little of his right to terminate the interview at any time. *See id.*; Tex. Code Crim. Proc.

ANN. art. 38.22, § 2 & 3 (West Supp. 2014). To entitle a defendant to an article 38.22, § 7 instruction, however, "the issue" must be "raised by the evidence." *Oursbourn*, 259 S.W.3d at 176. For an issue to be "raised by the evidence" as indicated in article 38.22, § 7, "there must be a genuine factual dispute." *Id.* "This factual dispute can be raised only by affirmative evidence, not by mere cross-examination questions or argument." *Id.* at 177. If there is no disputed factual issue for the jury to consider with regard to compliance with the warnings requirements, determination of the adequacy of the warnings under the law is conducted by the trial court alone, and no jury instruction is necessary. *See id.* at 177-78; *see also Robinson v. State*, 377 S.W.3d 712, 719 (Tex. Crim. App. 2012) ("Where the issue raised by the evidence at trial does *not* involve controverted historical facts, but only the proper application of the law to undisputed facts, that issue is properly left to the determination of the trial court.").

In the present case, the evidence did not raise an issue which would entitle Little to a jury-charge instruction on the failure to warn him of his right to terminate the interview pursuant to article 38.22, § 7. There is no genuine factual dispute with regard to whether FBI Agent Carlisle administered the warning required in article 38.22, § 2(a)(5). The parties agree FBI Agent Carlisle read Little the *Miranda* warnings outlined in article 38.22, § 2(a)(1)-(4), but did not advise Little of his additional right to terminate the interview at any time required by § 2(a)(5). Because there is no genuine factual dispute, there was no fact issue for the jury to decide. Thus, the question of whether the warnings read to Little complied with article 38.22 was a question of law for the trial court to decide. *See Robinson*, 377 S.W.3d at 719; *Oursbourn*, 259 S.W.3d at 177-78. Accordingly, the trial court did not err by not including an article 38.22, § 7 instruction in the jury charge. *See Oursbourn*, 259 S.W.3d at 176. Because the jury charge did not contain error, we do not address Little's egregious harm argument.

In challenging the voluntariness of his statement under article 38.22, § 7, Little alludes to the trial court's ruling on the admissibility of his statement under article 38.22, § 8. Section 8 provides that notwithstanding any other provision of article 38.22, a defendant's statement is admissible in a criminal proceeding if the statement was obtained by a federal law enforcement officer in this state or any other state in compliance with federal law. TEX. CODE CRIM. PROC. ANN. art. 38.22, § 8 (West Supp. 2014). Little contends article 38.22, § 8 did not apply due to the presence of Sergeant Osborn, a Texas officer, during the interview. However, the only issue Little raised in his brief relates to the instructions given in the jury charge. Little does not present an issue on appeal challenging the trial court's legal determination that his statement was admissible under article 38.22, § 8 despite Sergeant Osborn's presence. Because Little does not properly raise an issue challenging the trial court's admissibility ruling with regard to this limited issue, we do not address whether Sergeant Osborn's presence affected the admissibility of Little's statement under article 38.22, § 8.

The trial court's application of the law to the undisputed facts in this case did not entitle Little to a jury instruction under article 38.22, § 7. Accordingly, we overrule Little's second issue.

## CONCLUSION

The trial court's judgment is affirmed.

Jason Pulliam, Justice

DO NOT PUBLISH